IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BARTON JOSEPH ADAMS,**

    Petitioner,

v.                                                              **Civil Action No. 2:14cv65**
                                                                         **(Judge Bailey)**

**ANNE MARY CARTER, Warden,**
**FCI Morgantown,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On August 19, 2014, the *pro se* petitioner, an inmate then-incarcerated at FCI Morgantown, in Morgantown, West Virginia, filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. Petitioner claims that there was a "scrivenor's error" in the written judgment, i.e., the omission of the word "not," making the sentences for his convictions consecutive rather than concurrent with a sentence for civil contempt; and that he was wrongfully denied 590 days of pretrial credit for time he was held for mental competency exams. Therefore, he alleges, he has been detained "well pass [sic] my release date and causing [sic] irreparable harm."

Along with his petition, petitioner filed a Motion to Expedite Petition for Writ of Habeas Corpus. That same day, the Clerk of Court sent petitioner a Notice of Deficient Pleading, advising him that he had twenty-one (21) days to correct certain deficiencies in his pleadings. Petitioner paid the $5.00 filing fee on August 20, 2014.

On August 28, 2014, petitioner filed his petition on a court-approved form.

By Order entered September 2, 2014, petitioner's motion to expedite was denied. The undersigned conducted a preliminary review that same day, and determined that summary

dismissal was not appropriate at that time. Accordingly, a show cause order was entered. On September 9, 2014, petitioner filed another Motion to Expedite, including within it a motion to appoint counsel. By Order entered 15, 2014, both were denied as premature.

On September 30, 2014, the respondent filed a Motion to Dismiss, or for Summary Judgment. Because petitioner was proceeding *pro se,* on October 1, 2014, a Roseboro[1] Notice was issued. On October 17, 2014, petitioner filed his response, titled Reply to Memorandum of Law in Support of Respondent's Motion to Dismiss or For Summary Judgment and Response to Order to Show Cause. On October 22 and 23, 2014, petitioner filed two identical excerpts from his sentencing transcript, titled Oral Sentence.

On November 24, November 26, December 29, and December 31, 2014, petitioner filed sequential Motions to Expedite. On January 14, 2015, he filed a Motion for Declaratory Judgment.

This matter is now pending before the undersigned for review, Report and Recommendation.

## II. Facts

On November 7, 2012, in the Northern District of West Virginia, pursuant to a written plea agreement, petitioner entered a plea to Count Ten and Thirteen of a Third Superseding Indictment, Health Care Fraud and Tax Evasion, in violation of 18 U.S.C. §§2, 1347 and 26 U.S.C. §7201. In the agreement, the parties stipulated and agreed to the entry of a forfeiture money judgment in the amount of $3,724,721.00. The agreement also contained a waiver of

---

[1] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

petitioner's appellate and collateral attack rights.² Petitioner entered his plea in open court the following day.

On March 1, 2013, petitioner was sentenced to 50 months imprisonment on Count 10ssss and Count 13ssss to run concurrent; supervised release of 3 years to run concurrent, a special assessment of $200.00 and restitution totaling $3,136,293.70, via forfeiture.

Despite the waiver of his appellate rights, petitioner timely appealed. Appellate counsel filed an Anders³ brief on his behalf, questioning whether trial counsel rendered ineffective assistance; whether Adams' Sixth Amendment and the Speedy Trial Act rights were violated; whether the district court erred in finding that Adams had been restored to competency prior to the entry of his guilty plea; whether the district court erred in denying Adams' requests for new counsel; whether the district court erred in holding Adams in contempt in the proceedings below; and whether the court erred in denying a motion to release him from incarceration on the contempt finding. On March 12, 2014, by unpublished *per curiam* opinion, the Fourth Circuit dismissed in part and affirmed in part the district court's judgment.⁴ Petitioner's petition for rehearing and rehearing *en banc* were denied on April 23, 2014. Petitioner filed a Second Supplement to *en banc* rehearing on April 28, 2014; it was denied the same day. On October 7, 2014, the United States Supreme Court denied *certiorari*.⁵

### III. Analysis

---

² Dkt.# 1152, ¶2 at 1-2.

³ Anders v. California, 386 U.S. 738 (1967).

⁴ (4th Cir. Dkt.# 97)(13-4203).

⁵ (4th Cir.. Dkt.# 120)(13-42013).

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3rd Cir. 1996).

The petitioner is seeking computation of his sentence as orally ordered; enforcement of the oral pronouncement of sentence; full credit for all time served in official detention; full credit for all earned good conduct time while officially detained on the indictment in Case No. 3:08cr77 and for the indictment in Case No. 3:11cr54; and for the court to honor an April 22, 2014 Order regarding sentence and "Judge Bailey's orders."

Although the petitioner has not notified the Court of a change of address, the BOP website establishes that he was released from custody on February 27, 2015. Accordingly, the petitioner is no longer in the custody of the BOP, and there is no relief that this court can offer. Therefore, this case is now moot.

### IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or for Summary Judgment (Dkt.# 14) be **GRANTED** and petitioner's §2241 petition (Dkt.# 1 and 7) be **DENIED** and **DISMISSED as moot**. Likewise, petitioner's pending four pending Motions to Expedite (Dkt.# 22, 23, 24 and 25) and his Motion for Declaratory Judgment (Dkt.# 26) should also be **DISMISSED as moot**.

**Within fourteen (14) days** after being served with a copy of this report and recommendation, **or by April 1, 2015**, any party may file with the Clerk of the Court written

objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: March 18, 2015

    /s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE