**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
Elkins


**BARTON JOSEPH ADAMS**,

        Petitioner,

        v.                                      **Civil Action No. 2:14-CV-65**
                                                                      Judge Bailey

**ANNE MARY CARTER**, Warden,
FCI Morgantown,

        Respondent.


**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND DISMISSING PETITION FOR HABEAS CORPUS**

Pending before this Court are the Motion to Dismiss or for Summary Judgment and Response to Order to Show Cause, filed September 30, 2014 [Doc. 14], a motion filed by petitioner on November 24, 2014, titled Retaliation by the BOP - Motion to Expedite [Doc. 22], a second a motion filed by petitioner on November 26, 2014, titled Retaliation by the BOP - Motion to Expedite [Doc. 23], a motion filed by petitioner on December 29, 2014, titled Motion to Expedite 2241 Petition or for Declaratory Relief [Doc. 24], a Motion to Expedite [Doc. 25], filed by petitioner on December 31, 2014; a Motion for Declaratory Relief filed by petitioner on January 14, 2015 [Doc. 26], and the Report and Recommendation ("R&R"), filed by Magistrate Judge James E. Seibert on March 18, 2015 [Doc. 27]. The petitioner filed his objections to the R&R on April 3 and April 6, 2015 [Docs. 30 & 31].

In his R&R, Magistrate Judge Seibert recommended that this Court dismiss petitioner's § 2241 petition as moot and that the other pending motions also be dismissed

as moot [Doc. 27].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). The petitioner timely filed his objections on April 3 and April 6, 2015 [Docs. 30 & 31]. Accordingly, this Court will review the portions to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## Analysis

In his petition, the defendant contends that he was not given sufficient credit for time served as ordered by the undersigned judge. The petitioner seeks an Order discharging him from incarceration. The magistrate judge notes in his R&R that the defendant was released from custody and placed on supervised release on February 27, 2015. Since the petitioner has been discharged from custody, he has already received the remedy which he is seeking in his petition, thereby rendering the petition moot.

In **Davis v. Roberts**, 425 F.3d 830 (10th Cir. 2005), the Tenth Circuit found that a defendant who was no longer in custody could not maintain a petition under 28 U.S.C. § 2241 challenging the length of his incarceration. This Court agrees. Having served the

entirety of his sentence, the defendant cannot overcome the "in custody" barrier. This action is simply moot.

This Court must note that Bureau of Prisons has broad authority in implementing the sentence imposed by the Court. For instance, it is the BOP, and not the district judge, that has the authority to determine when a sentence is deemed to commence and whether the defendant should receive credit for time spent in prior custody. **United States v. Pinevro**, 112 F.3d 43, 45 (2d Cir. 1997); **Mixon v. Paul**, 175 F.2d 441 (4th Cir. 1949). Further, in regard to commencement, a federal sentence cannot begin to run prior to the date it is pronounced, even where the sentence is made concurrent with a sentence already being served. **United States v. Flores**, 616 F.2d 840 (5th Cir. 1980).

## CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 27]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241 **[Doc. 1]** is **DENIED AS MOOT** and **DISMISSED**. The Clerk is directed to enter separate judgment in favor of the respondent.

In addition, the Motion to Dismiss or for Summary Judgment and Response to Order to Show Cause, filed September 30, 2014 [**Doc. 14**], the motion filed by petitioner on November 24, 2014, titled Retaliation by the BOP - Motion to Expedite [**Doc. 22**],the second a motion filed by petitioner on November 26, 2014, titled Retaliation by the BOP - Motion to Expedite [**Doc. 23**], the motion filed by petitioner on December 29, 2014, titled Motion to Expedite 2241 Petition or for Declaratory Relief [**Doc. 24**], the Motion to Expedite [**Doc. 25**], filed by petitioner on December 31, 2014; and the Motion for Declaratory Relief

filed by petitioner on January 14, 2015 [**Doc. 26**] are **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** April 7, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE